**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TYLER WELCH RANDALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 16-CV-0043-CVE-FHM |
| ) | |
| JOE M. ALLBAUGH, Interim Director, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2241 habeas corpus action. Petitioner, a state inmate appearing pro se, filed his petition (Dkt. # 1) on January 26, 2016. In response to the petition, Respondent filed a motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 7), along with a supporting brief (Dkt. # 8). Petitioner filed a response (Dkt. # 9). Respondent filed a reply (Dkt. # 10) and Petitioner filed a surreply (Dkt. # 11). For the reasons discussed below, Respondent's motion to dismiss is granted and the petition is dismissed with prejudice as time barred.

*BACKGROUND*

The record reflects that Petitioner pled guilty to Assault and Battery with a Dangerous Weapon in Mayes County District Court, Case No. CF-2009-0151, and was sentenced to ten years imprisonment with all but the first six months suspended. See Dkt. # 8-1. On October 5, 2012, the district court judge revoked Petitioner's suspended sentence in full. Id.

Petitioner appealed the revocation of his suspended sentence to the Oklahoma Court of Criminal Appeals (OCCA). See Dkt. # 8-1. Represented by counsel, Petitioner raised two propositions of error, as follows:

> 1. The revocation order was based on incompetent evidence and otherwise failed to prove the alleged new crime, requiring that the order be vacated or favorably modified.
>
> 2. Alternatively, the elicitation of damaging testimony and any waiver or failure to preserve issues for review was the result of ineffective assistance of trial counsel.

See Dkt. # 11 at 9. In an unpublished summary opinion, filed January 22, 2014, in Case No. RE-2012-915, the OCCA rejected Petitioner's claims and affirmed the district court's revocation of Petitioner's suspended sentence. See Dkt. ## 8-1, 11. Nothing in the record suggests that Petitioner sought certiorari review in the United States Supreme Court.

On September 2, 2014, Petitioner filed a pro se "motion for 24 month judicial review" (Dkt. # 8-2). The State of Oklahoma filed an objection to the motion (Dkt. # 8-7). By order filed October 21, 2014, the state district judge denied the pro se motion (Dkt. # 8-3).

On January 8, 2015, Petitioner filed his first 28 U.S.C. § 2241 petition for writ of habeas corpus in N.D. Okla. Case No. 15-CV-013-GKF-TLW. In that petition, Petitioner challenged the revocation of his suspended sentence entered in Mayes County District Court, Case No. CF-2009-151. He raised the two grounds of error presented to the OCCA on revocation appeal. However, on March 20, 2015, Petitioner filed a "motion to dismiss this action in its entirety without prejudice" and explained that he wished to return to state court to exhaust state court remedies for additional claims. By Order filed March 23, 2015 (Dkt. # 8-8), the Court granted Petitioner's motion to dismiss and dismissed the petition without prejudice.

On May 1, 2015, Petitioner filed an application for post-conviction relief. See Dkt. # 8-4. He raised three grounds of error, as follows:

> Proposition 1: The District Court was without jurisdiction to revoke Petitioner's sentence because the revocation hearing was not conducted within twenty (20) days as required by 22 O.S. § 991b(A).

>Proposition 2: The trial court erred in revoking Petitioner's suspended sentence upon an offense for which Petition was exonerated.
>
>Proposition 3: Petitioner received ineffective assistance of appellate counsel because "the three propositions were inadequately raised on appeal."

See Dkt. # 11 at 9. Finding Petitioner's claims to be without merit and/or frivolous, the district court judge denied post-conviction relief on September 17, 2015. See id. Petitioner did not pursue a post-conviction appeal.

On January 26, 2016, Petitioner returned to federal court and filed this 28 U.S.C. § 2241 petition for writ of habeas corpus (Dkt. # 1). He raises five grounds of error, as follows:

>Ground 1: The revocation order must be vacated or favorably modified as it relied on incompetent evidence and otherwise failed to prove the new crime.
>
>Ground 2: State's testimonial evidence violated Petitioner's statutory and due process rights to be confronted by the witnesses against him.
>
>Ground 3: Alternatively, elicitation of damning testimony and any waiver or failure to preserve issues for review was the result of the ineffective assistance of counsel.
>
>Ground 4: District court was without jurisdiction to revoke Mr. Randall's suspended sentence because the revocation hearing was not conducted within the statutory 20 day time period of 22 O.S.Rev.Supp.2005, § 991b(A) and Mr. Randall did not waive that right.
>
>Ground 5: Ineffective assistance of appellate counsel because the two propositions were inadequately raised on appeal.

See Dkt. # 1. In response to the petition, Respondent filed a motion to dismiss (Dkt. # 7), arguing that the petition is time barred.

## *ANALYSIS*

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

3

>     (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>         (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>         (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>         (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>         (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>     (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Under § 2244(d)(1)(A), Petitioner filed his habeas petition after expiration of the one-year limitations period. The revocation of Petitioner's suspended sentence became final on April 22, 2014, after the OCCA affirmed the state district court's ruling on January 22, 2014, and the 90 day time period for filing a petition for writ of certiorari in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, Petitioner's one-year limitations clock began to run on April 23, 2014, see Harris v. Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011), and, absent a tolling event, a federal petition for writ of habeas corpus filed after

April 23, 2015, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

As a preliminary matter, the one-year limitations period was not tolled under 28 U.S.C. § 2244(d)(2) during the pendency of Petitioner's first habeas corpus action, N.D. Okla. Case No. 15-CV-013-GKF-TLW. Duncan v. Walker, 533 U.S. 167, 181 (2001) (holding that application for federal habeas corpus review is not "application for State post-conviction or other collateral review," within meaning of tolling provision of the Antiterrorism and Effective Death Penalty Act (AEDPA)).

The limitations period was tolled, or suspended, during the pendency of a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). Petitioner filed two applications in state court that may have tolled the one-year limitations period. First, Petitioner filed his pro se "motion for judicial review" on September 2, 2014, and the state district judge denied the motion 49 days later, on October 21, 2014. Those events took place before expiration of the one-year limitations period. Therefore, if the "motion for judicial review" served to toll the one-year limitations period under § 2244(d)(2), then Petitioner's deadline for filing a federal petition for writ of habeas corpus was extended by 49 days. See Wall v. Kholi, 562 U.S. 545 (2011).[1]

Second, on May 1, 2015, Petitioner filed an application for post-conviction relief. See Dkt. # 8-4. The state district court judge denied that application on September 17, 2015, or 139 days after it was filed. Although Petitioner did not appeal to the OCCA, he would be entitled to an additional

---

[1] In Wall, the Supreme Court held that a Rhode Island law similar to Okla. Stat. tit. 22, § 982a, qualified as an application for "collateral review" within the meaning of § 2244(d)(2). Wall, 562 U.S. at 556. The Tenth Circuit Court of Appeals has found that, under the rationale of Wall, the pendency of a "properly filed" motion for judicial review tolled an Oklahoma prisoner's one year limitations period. Doby v. Dowling, 2015 WL 7873589 (10th Cir. Dec. 4, 2015) (unpublished opinion cited for its persuasive value, as are all other unpublished opinions herein, see Fed. R. App. P. 32.1; 10th Cir. R. 32.1).

thirty days of tolling during which he could have filed a post-conviction appeal, see Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000) (holding that regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law). Thus, if the application for post-conviction relief tolled the limitations period, the total number of tolling days is 169.

In this case, the Court need not determine whether the two "application[s] for State post-conviction or other collateral review" served to toll the limitations period because even if they did, the petition is time barred. With tolling, the April 23, 2015, deadline would be extended by a total of 218 days, consisting of 49 days for the pendency of the motion for judicial review plus 169 days for the pendency of the application for post-conviction relief. Thus, if Petitioner is entitled to tolling under 28 U.S.C. § 2244(d)(2), then his deadline for filing his petition for writ of habeas corpus would be extended to November 30, 2015.[2] The petition was not filed until January 25, 2016, and appears to be untimely.

The statute of limitations defined in 28 U.S.C. § 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645, 649 (2010); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling applies only in "rare and exceptional circumstances." Gibson, 232 F.3d at 808 (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (internal quotation marks and citation omitted); see also Marsh v. Soares, 223 F.3d 1217,

---

[2]The Court notes that 218 days after April 23, 2015, was November 27, 2015, the Friday after Thanksgiving. Traditionally, the Court is closed on that day. Under Fed. R. Civ. P. 6(a)(3)(A), Petitioner's deadline was Monday, November 30, 2015.

1220 (10th Cir. 2000); Miller, 141 F.3d at 978. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "show specific facts to support his claim of extraordinary circumstances and due diligence." Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (internal quotation marks and citation omitted).

In his response and surreply to the motion to dismiss, see Dkt. ## 9, 11, Petitioner argues that he is entitled to equitable tolling because his facility experienced multiple lockdowns during 2015. Courts have held that restrictions placed on a prisoner's access to legal materials by corrections officials, especially when the filing deadline is fast approaching, can constitute an extraordinary circumstance providing a basis for equitable tolling. See U.S. v. Gabaldon, 522 F.3d 1121, 1125-26 (10th Cir. 2008); Espinoza-Matthews v. California, 432 F.3d 1021, 1027-28 (9th Cir. 2005); Valverde v. Stinson, 224 F.3d 129, 133-34 (2d Cir. 2000); cf. Robinson v. Johnson, 313 F.3d 128, 143 (3d Cir. 2002) (noting that some courts have considered a deprivation of access to legal materials to be stronger grounds for equitable tolling when the deprivation occurs close to the filing deadline).

Here, Petitioner provides evidence demonstrating specific dates of the lockdowns and supporting his claim that his access to legal materials and assistance during the designated time periods was restricted. See Dkt. # 9 at 10; Dkt. # 11 at 14. However, Petitioner has not alleged specific facts showing that his inability to access legal materials during the periods of lockdown prevented his timely filing of a § 2254 petition. Petitioner does not identify any particular legal argument that he was unable to develop nor does he otherwise explain how his lack of access to legal materials prevented him from filing his federal petition in a timely manner. See Parker v. Jones, 260 F. App'x 81, 85 (10th Cir. 2008) (unpublished) (finding inmate's vague allegations that

he was in lockdown and had no access to legal materials will not justify equitably tolling the limitations period); Everson v. Kan. Dep't of Corrs., 232 F. App'x 815, 817 (10th Cir. 2007) (unpublished) (finding a petitioner's failure to allege specific facts as to how lack of access to legal resources impeded his ability to timely file a claim rendered it insufficient to show entitlement to equitable tolling); Abel v. Kansas, 187 F. App'x 867 (10th Cir. 2006) (unpublished); Kerchee v. Jones, 2011 WL 305847 (W.D. Okla. Jan. 7, 2011) (unpublished) (finding petitioner's claim that confiscation of his legal papers and mail at the prison interfered with his ability to file timely motion was an impediment that required petitioner to show the specific steps he had taken to pursue his claims).

Furthermore, the record demonstrates that Petitioner successfully mailed legal documents for filing in Mayes County District Court during lockdown periods. Specifically, on July 30, 2015, he mailed a "Notice of State's Failure to Respond to Petitioner's Post-Conviction Relief Application," Dkt. # 11 at 6-7, and on October 6, 2015, he filed a motion to proceed in forma pauperis, see id. at 13. Both mailings occurred during lockdowns. Petitioner fails to explain why he was able to mail and file those legal documents but was unable to mail for filing either a post-conviction appeal[3] or a petition for writ of habeas corpus. In the absence of any argument demonstrating that Petitioner was unable to develop or otherwise explain how his lack of access to

---

[3]Based on the limited record before the Court, it does not appear that the claim raised in Ground 2 of the habeas petition has ever been raised in state court and is unexhausted. In addition, because Petitioner did not file a post-conviction appeal, Grounds 4 and 5 of his petition are also unexhausted. Even if Ground 2 was raised in the application for post-conviction relief, it is unexhausted since it has not been fairly presented to the OCCA. Also, in support of his request for equitable tolling, Petitioner provides a copy of an order entered in Tulsa County District Court, Case No. CF-2011-4108, Wonenberg v. State, recommending that the petitioner in that case be granted a post-conviction appeal out of time based on his claim that "[the petitioner] was unable to see the inmate law clerk to perfect his appeal or have access to the law library because the facility he was housed in was on 'lockdown.'" See Dkt. # 11 at 16-19. Here, Petitioner has made no effort to obtain a post-conviction appeal out of time. Instead, he requests that this Court consider his petition for writ of habeas corpus, raising three unexhausted claims, even though he filed the petition out of time.

8

legal materials prevented him from filing this federal petition in a timely manner and because the record demonstrates that Petitioner was able to mail legal documents during periods of lockdown, the Court finds he is not entitled to equitable tolling. Petitioner has not met his burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808.

In summary, Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period. Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice as barred by the statute of limitations.

**Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of the petition as time barred is debatable or incorrect. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 7) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**

3. A certificate of appealability is **denied**.

4. A separate Judgment shall be entered in this matter.

**DATED** this 9th day of June, 2016.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE